UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS SLATEN,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTIAN DIOR PERFUMES, LLC.,<br><br>  Defendant. | Case No. 23-cv-00409-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 54 |

Plaintiff brings this putative class action against Defendant Christian Dior Perfumes on the grounds Dior deceptively labels and advertises the sun protection factor (SPF or sunscreen) benefits of certain cosmetic products. (Dkt. No. 49-1.)[1] Before the Court is Dior's motion to dismiss Plaintiff's First Amended Complaint. (Dkt. No. 54.) Having carefully considered the briefing, and with the benefit of oral argument on October 19, 2023, the Court GRANTS Dior's motion without leave to amend. Plaintiff fails to plausibly plead Dior's products' labels are false or misleading to reasonable consumers because, after referencing the products' back labels, no reasonable consumer could interpret the front labels' "24H" representation as applying to the products' sunscreen.

**FIRST AMENDED COMPLAINT ALLEGATIONS**

Plaintiff, a California resident, bought Dior's Forever Foundation from a Macy's store in Daly City, California for several years. (Dkt. No. 49-1 ¶ 52.) Plaintiff purchased Dior's Forever Foundation based on the product's labeling:

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.



(*Id.* ¶ 21.)  Based on the label, Plaintiff believed the product would provide cosmetic coverage *and* sun protection for 24 hours.  (*Id.* ¶ 53.)  However, the sun protection provided by the Dior Forever Foundation only lasts for two hours at most.  (*Id.* ¶ 24.)  Indeed, the drug facts label on the back of the product's packaging provides directions to "reapply at least every 2 hours," though the same instruction is not printed on the product bottle.  (*Id.* ¶ 38.)  Had Plaintiff known the product would not provide 24-hour sun protection, she would not have purchased the product or, at least, would have paid less for the product.  (*Id.* ¶ 56.)  Plaintiff also challenges the sun protection claims on Dior's Forever Skin Glow Foundation product packaging, which Plaintiff alleges is substantially and stylistically similar to those made on the Forever Foundation packaging.  (*Id.* ¶ 22.)

## DISCUSSION

A plaintiff bringing false labeling claims under California consumer protection laws must

adequately allege "members of the public are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). This "reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id*. (cleaned up). Drawing all reasonable inferences in Plaintiff's favor, the Court's previous order concluded Plaintiff plausibly alleged a reasonable consumer could believe Dior's Forever Foundation's sunscreen benefits would last for 24 hours. (Dkt. No. 43 at 6-7.) The order further concluded the drug facts panel on the back label could not, as a matter of law, cure the misleading nature of the front panel. (*Id.* at 8 (citing *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008))). After the Court's ruling, the Ninth Circuit decided *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023). Dior argues *McGinity* mandates dismissal of Plaintiff's California consumer protection claims. The Court agrees.

### A.  *McGinity*

In *Williams v. Gerber Prod. Co.*, the Ninth Circuit held reasonable consumers "should not be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." 552 F.3d at 939. However, in *McGinity*, the Ninth Circuit held that when a front label is ambiguous, the ambiguity can be resolved by reference to the back label. 69 F.4th at 1099. In *McGinity*, the front label of the defendant's haircare products contained the words "Nature Fusion." The court held the meaning of those words to a reasonable consumer was ambiguous.

> Unlike a label declaring that a product is "100% natural" or "all natural," the front "Nature Fusion" label does not promise that the product is wholly natural. Although the front label represents that something about the product bears a relationship to nature, the front label does not make any affirmative promise about what proportion of the ingredients are natural. Instead, as the parties point out, "Nature Fusion" could mean any of a number of things: that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely.

*Id.* at 1098. Since the front label "could mean any number of things," some of which would not be misleading, the court turned to the drug label on the back of the products to resolve the front label's ambiguity.

3

> The back labels of the Nature Fusion shampoo and conditioner contain the phrases "Smoothness Inspired by Nature" and "NatureFusion® Smoothing System With Avocado Oil." Upon seeing the back labels, it would be clear to a reasonable consumer that the avocado oil is the natural ingredient emphasized in P&G's labeling and marketing. The ingredients list, which McGinity alleges includes many ingredients that are synthetic and that a reasonable consumer would not think are natural, clarifies that the rest of the ingredients are artificial and that the products thus contain both natural and synthetic ingredients.

*Id.* at 1099. Since the front and back labels considered together would not deceive a reasonable consumer, the plaintiff's California consumer protection claims failed. *Id.* at 1100.

In sum, *McGinity* holds a product claim is ambiguous if the allegedly deceptive language "could mean any number of things," some of which would not be deceptive. And if the product claim is ambiguous, a court can consider the product's entire label, including the side and the back, to determine whether a reasonable consumer would be deceived. But, when a front label is unambiguously misleading, the rest of the label cannot cure the misleading nature of the front label. *Id*. at 1098.

### B. The Product's Front Label Is Ambiguous

Dior's Forever Foundation's front label is ambiguous as to whether the "24H" representation applies to the cosmetic, that is, the foundation alone, or also to the product's sun protection benefits. As the Court previously concluded, "24H" might mean both the cosmetic and sun protection benefits last 24 hours. But it could also plausibly mean only the cosmetic benefits last 24 hours. *See Zimmerman v. Loreal USA, Inc.*, 2023 WL 4564552 at *5 (N.D. Cal. July 17, 2023) (concluding similar representation on front label—"24H Breathable Texture"—was ambiguous as to whether "24H" applies to product's sun protection).

Plaintiff's insistence the front label unambiguously misrepresents the product's sunscreen lasts 24 hours is unpersuasive. If the label touted "with 24H sunscreen," or "24H sunscreen," or "24H sunscreen foundation," it would unambiguously represent the product's sunscreen benefits last 24 hours. But the label challenged here says:

//

//

4

TRANSFER-PROOF - 24H FOUNDATION
HIGH PERFECTION
CONCENTRATED FLORAL SKINCARE
WITH SUNSCREEN
BROAD SPECTRUM SPF 15

(Dkt. No. 49-1 ¶ 21.)  A reasonable consumer could interpret this label as representing the foundation lasts 24 hours and the product also contains sunscreen.

Plaintiff's reliance on *Souter v. Edgewell Pers. Care Co.* for the proposition the Court cannot pick between competing plausible interpretations is inapposite.  2023 WL 5011747 (9th Cir. Aug. 7, 2023).  In *Souter*, the district court erroneously rejected the plaintiff's plausible interpretation in favor of the defendant's plausible interpretation.  *Id.* at *2.  Here, in contrast, the Court accepts Plaintiff's plausible interpretation, but recognizes the ambiguity created by another plausible interpretation.  Indeed, *Souter* supports a finding of ambiguity here.  In *Souter*, the Ninth Circuit held a label advertising wipes "Kill 99.99% of Germs" is ambiguous.  *Id.* at *1.  Although, drawing all inferences in the plaintiff's favor, a reasonable consumer could interpret the germ representation as meaning the wipes kill all germs, the label was ambiguous because it failed to clarify whether the wipes kill "'99.99%' of germ *species* or 99.99% of *individual germs* found on the hands at the time of application."  *Id.* at *1.  The same result applies here.  While a reasonable consumer could interpret "24H" as applying to the product's cosmetic and sun protection benefits, the front label itself does not clarify whether "24H" applies just to the cosmetic effects or to both the cosmetic and sun protection benefits.  So, the label is ambiguous.

Plaintiff's insistence the Court can only consider Plaintiff's plausible interpretation on a 12(b)(6) motion is contradicted by *Souter* and *McGinity*.  In *Souter*, the plaintiff alleged the "kills 99.99 percent of germs" representation was false because the wipes are ineffective against certain germs found on hands.  *Souter v. Edgewell Personal Care Co.*, 2022 WL 4088614 at *1 (S.D. Cal. Sep. 6, 2022).  Yet, in reviewing the ruling on the 12(b)(6) motion, the Ninth Circuit held the representation was ambiguous because the 99.99% germs could be understood to refer to germs on the hands *at the time of application*.  2023 WL 5011747 at *1.  That interpretation was not urged by the plaintiff.  So, the Ninth Circuit did not limit its review to the plaintiff's plausible interpretation.  Similarly, in *McGinity*, the Ninth Circuit recited the plaintiff's allegation the

1  defendant's packaging represents the product contains only natural ingredients.  69 F.4th at 1096.
2  The court then held the label was ambiguous because it could mean any number of things,
3  including the plaintiff's urged inference it contains only natural ingredients.  *Id.* at 1098 (reasoning
4  the representation could mean "the products are made with a mixture of different natural
5  ingredients").  Because a reasonable consumer could interpret the label as the plaintiff urged, but
6  also as the defendant urged, the court held the label was ambiguous.  *Id.*  The Ninth Circuit did not
7  limit its analysis to the plaintiff's alleged interpretation.

**C.  The Product's Back Label Cures the Front Label's Ambiguity**

The drug facts panel on the back of Dior's Forever Foundation reads:

**Drug Facts**

**Active ingredients** — **Purpose**
Octisalate 3.50 %
Titanium Dioxide 3.76 % } .........Sunscreen

**Uses**
- Helps prevent sunburn.
- If used as directed with other sun protection measures (see *Directions*), decreases the risk of skin cancer and early skin aging caused by the sun.

**Warnings**
For external use only.
Do not use on damaged or broken skin.
When using this product, keep out of eyes. Rinse with water to remove.
Stop use and ask a doctor if rash occurs.
Keep out of reach of children. If swallowed, get medical help or contact a Poison Control Center right away.

**Directions**
- Apply liberally 15 minutes before sun exposure.
- Reapply at least every 2 hours.
- Use a water-resistant sunscreen if swimming or sweating.
- **Sun Protection Measures.** Spending time in the sun increases your risk of skin cancer and early skin aging. To decrease this risk, regularly use a sunscreen with a broad spectrum SPF of 15 or higher and other sun protection measures including:
    - limit time in the sun, especially from 10 a.m. – 2 p.m.
    - wear long-sleeve shirts, pants, hats, and sunglasses.
- Children under 6 months of age: ask a doctor.

**Other information**
- Protect the product in this container from excessive heat and direct sun.

(Dkt. No. 54-4 at 2.)

Because the front label is ambiguous, the question under *McGinity* is whether a reasonable consumer could interpret the "24H" representation as applying to the product's sun protection benefits after referencing the product's back label. 69 F.4th at 1099. The back label identifies sunscreen as the purpose of the product's active ingredients and directs users to "[r]eapply at least every 2 hours." (Dkt. No. 54-4 at 2.) Thus, the front label's ambiguity is resolved by reference to the back label: the "24H" representation is unrelated to the product's sun protection benefits, and consumers using the product as sunscreen should reapply the product at least every 2 hours. After referencing the back label, no reasonable consumer would believe the "24H" representation applies to the sun protection benefits of Dior's Forever Foundation. Instead, "[u]pon seeing the back label[], it would be clear to a reasonable consumer" the product's sunscreen will only last, at most, two hours. *McGinity*, 69 F.4th at 1099.

\* \* \*

Dior's Forever Foundation's front label is ambiguous as to whether the "24H" representation applies to the product's sunscreen. The product's back label resolves the ambiguity by directing consumers using the product as sunscreen to reapply the product at least every two hours. Because the back label resolves the front label's ambiguity such that no reasonable consumer could interpret the front label's "24H" representation as applying to the product's sunscreen, Plaintiff fails to plausibly plead Dior's Forever Foundation's labels are false or misleading to reasonable consumers. Accordingly, Dior's motion to dismiss on this basis is GRANTED.

**D.  Other Products**

Plaintiff alleges Dior's Forever Skin Glow Foundation, which she did not buy, "predominately, uniformly, and consistently include[s], on the principal display panel of the product boxes and bottles, an SPF claim alongside a claim that the product[] last[s] longer than two hours." (Dkt. No. 1 ¶ 20.) The product's front label reads:

24H WEAR RADIANT FOUNDATION
PERFECTION & HYDRATION
CONCENTRATED FLORAL SKINCARE

WITH SUNSCREEN
BROAD SPECTRUM SPF 15

(Dkt. No. 49-1 ¶ 21.)  The pertinent part of the product's back label is the same as Dior's Forever Foundation's back label.  (Dkt. Nos. 54-4 at 2, 54-5 at 2.)

"[A] plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."  *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012).  "Although the Ninth Circuit has not directly addressed 'substantial similarity' for purposes of consumer fraud-based class actions, district courts, driven by *Armstrong*, have taken a broad approach."  *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 907 (N.D. Cal. 2021); *see Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001).

"Consider[ing] the similarity of the claims and injuries flowing from the misrepresentations on each product," *Cimoli*, 546 F. Supp. 3d at 908, Dior's Forever Skin Glow product is substantially similar to the Forever Foundation product Plaintiff bought.  Plaintiff alleges both products represent they will provide sun protection for longer than two hours.  (Dkt. No. 49-1 ¶ 21.)  Under Plaintiff's theory of misrepresentation, the products are substantially similar.  Thus, Plaintiff has standing to assert class claims based on both products.  Finding no material distinction between the labeling of the two products, the above analysis applies to both the Dior Forever Foundation and Dior Forever Skin Glow Foundation.

## CONCLUSION

Accordingly, Dior's motion to dismiss is GRANTED.  Because *McGinity* was decided after the filing of the First Amended Complaint, the Court grants Plaintiff leave to amend.  Any amended complaint must be filed within 20 days of the date of this Order.

This Order disposes of Docket No. 54.

**IT IS SO ORDERED.**

Dated: October 19, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

9