UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS SLATEN,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTIAN DIOR PERFUMES, LLC.,<br><br>    Defendant. | Case No. 23-cv-00409-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 76 |

Plaintiff brings this putative class action against Defendant Christian Dior Perfumes (Dior) alleging Dior deceptively labels and advertises the sun protection factor (SPF or sunscreen) benefits of certain cosmetic products. (Dkt. No 73.[1]) Defendant moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. (Dkt. No. 76.) After carefully considering the parties' written submissions, and having had the benefit of oral argument on March 14, 2024, the Court GRANTS the motion to dismiss. Plaintiff's Second Amended Complaint fails to plausibly plead Dior's Products' labels are false or misleading to reasonable consumers.

**SECOND AMENDED COMPLAINT ALLEGATIONS**

Plaintiff, a California resident, bought Dior Forever Foundation from a Macy's store in Daly City, California for several years. (Dkt. No. 73 ¶ 63.) Plaintiff purchased Dior's Forever Foundation based on the Product's labeling. (*Id*. ¶ 64.) Based on the front label, Plaintiff believed the Product would provide cosmetic coverage for 24 hours and SPF 15 sun protection "for longer than two hours." (*Id*. ¶ 64.) However, the SPF protection "will last, at most, only two hours."

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

(*Id.* ¶ 24.)  The Products' back label directs users to "[r]eapply at least every 2 hours" but does not "clarify for reasonable consumers the duration of the sun protection."  (*Id.* ¶¶ 25, 26.)

Plaintiff also challenges the sun protection claims on Dior's Forever Skin Glow Foundation product packaging, which Plaintiff alleges is substantially and stylistically similar to those made on the Forever Foundation packaging.  (*Id.* ¶¶ 20-22.)  The Products' front labels look like this:




(*Id.* ¶ 21.)

Plaintiff posits "[e]ven after viewing the back label, reasonable consumers are confused, deceived, and/or misled into believing that the sun protection will last longer than two hours."  (*Id.*

2

¶ 26.) Plaintiff alleges "[r]easonable consumers interpret the claims on these labels collectively to mean that the sunscreen benefits in the products will last longer than two hours without the need to reapply." (*Id*. ¶ 23.) Had Plaintiff known the Product would not provide 24-hour sun protection, she would not have purchased the Product or, at least, would have paid less for the Product. (*Id*. ¶¶ 65-68.)

Plaintiff conducted three surveys "to determine how reasonable consumers interpret" the Product labels. (*Id*. ¶ 27.) Each survey included over 300 participants "who had purchased cosmetics within the last twelve months." (*Id*. ¶ 27.) The surveys displayed the Product labels and asked participants "whether, based on the product packaging, they would expect the sunscreen benefits in the product to last two hours or less, or more than two hours." (*Id*. ¶ 27.)

Sixty-nine percent of Survey 1 participants indicated the Products provided sunscreen benefits for more than two hours based solely on the front label. (*Id*. ¶ 28.) The front label is therefore "unambiguously deceptive." (*Id*. ¶ 28.) Survey 2 gave participants the "option to click a link to view the back label." (*Id*. ¶ 30.) One third clicked the link, so Plaintiff alleges "two-thirds of reasonable consumers who shop for the Products do not look at product back labels when making purchasing decisions." (*Id*. ¶ 30.) Plaintiff posits Survey 2 confirms "a substantial majority of consumers (57%) were still confused, deceived, and/or misled into believing" the Product provided more than two hours of protection. (*Id*. ¶ 31.)

Survey 3 "forced" participants to view both labels and asked, "how long they expected the sunscreen benefits in the products to last." (*Id*. ¶ 32.) Half the participants believed the sunscreen would last for more than two hours. (*Id*. ¶ 32.) According to Plaintiff, these results demonstrate even if the "front label was ambiguous, the back label does not clarify the ambiguity and the front label claims remain misleading." (*Id*. ¶ 33.)

Three online consumer product reviews suggest "consumers believe the Product will provide sunscreen benefits for more than two hours" even when viewing the back label. (*Id*. ¶¶ 35-37.) One reviewer notes the SPF 15 "adds an extra layer of protection for all day wear." (*Id*. ¶ 35.) The second reviewer indicates they love "this foundation" and it "lasts all day"; then, in a separate sentence, notes "bonus it's spf 15 so no need to add sunscreen for all of us with fair skin

3

that burn in 5 min in the sun." (*Id.* ¶ 35.) The third review states "if you look on the back of the box, it says apply every 2 hrs and on the front it says 24h foundation… I'm confused lol." (*Id.* ¶ 36.) (*Id.* ¶¶ 35-36.) The consumer reviews read as follows:



(*Id.* ¶¶ 35-36.)

## PROCEDURAL HISTORY

The Court granted Defendant's motion to dismiss with leave to amend the original complaint. (Dkt. No. 43.) Plaintiff then filed a First Amended Complaint, which Defendant again moved to dismiss. (Dkt. Nos. 46, 54.) This Court granted Defendant's motion to dismiss the First Amended Complaint with leave to amend in light of the Ninth Circuit's decision in *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023). (Dkt. No. 69.) Plaintiff then filed a Second Amended Complaint. (Dkt. No. 73.) Now pending before the Court is Defendant's motion to dismiss the Second Amended Complaint. (Dkt. No. 76.)

**LEGAL STANDARD**

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Dismissal under Rule 12(b)(6) is proper when the complaint "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). If dismissal is proper, it will be granted with leave to amend unless the complaint could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

A plaintiff bringing false labeling claims under California consumer protection laws must adequately allege "members of the public are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). This "reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (cleaned up). "The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers." *McGinity*, 69 F.4th at 1097. "A plaintiff's unreasonable assumptions about a product's label will not suffice." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

In *McGinity,* the Ninth Circuit held a front label's ambiguity can be resolved on a motion to dismiss by reference to the back label. *McGinity*, 69 F.4th at 1099. "[T]he front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Id*. at 1098. But if the front label product claim is

5

1    ambiguous, a court can consider the product's entire label, including the side and the back, to
2    determine whether a reasonable consumer would be deceived. *Id*. at 1099.

## DISCUSSION

### A. The Products' Front Label Is Ambiguous

The Court previously held "Dior's Forever Foundation's front label is ambiguous as to whether the '24H' representation applies to the cosmetic, that is, the foundation alone, or also to the product's sun protection benefits." (Dkt. No. 69 at 4.) "'24H' might mean both the cosmetic and sun protection benefits last 24 hours. But it could also plausibly mean only the cosmetic benefits last 24 hours." (Dkt. No. 69 at 4); *see Zimmerman v. Loreal USA, Inc.*, 2023 WL 4564552 at *5 (N.D. Cal. July 17, 2023) (concluding similar representation on front label—"24H Breathable Texture"—was ambiguous as to whether "24H" applies to product's sun protection). The question now is whether Plaintiff's newly alleged Survey 1 results plausibly establish the front label is unambiguously deceptive.

On a motion to dismiss, courts "must accept the allegations surrounding the survey as true." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019). Plaintiff alleges Survey 1 showed the survey participants the Products' front label and then asked the participants "whether, based on the product packaging, they would expect the sunscreen benefits in the product to last two hours or less, or more than two hours." (Dkt. No. 73 ¶ 27.) Drawing inferences in Plaintiff's favor, sixty-nine percent of Survey 1 participants answered the Products would provide sunscreen benefits for more than two hours. (*Id*. ¶ 28.) These results do not establish the front label is unambiguously deceptive; instead, they show 31% of Survey 1 participants answered that the Products' sunscreen benefits last two hours or less and therefore the participants were not deceived. So, Survey 1 is consistent with the Court's conclusion the front label is at best ambiguous. *See McGinity*, 69 F.4th at 1099 ("[r]ather than demonstrating that the phrase 'Nature Fusion' is misleading, the survey results confirm that it is ambiguous" when "survey respondents were split nearly 50/50").

In *McGinity*, for example, the plaintiff alleged the defendant's hair product front label was deceptive because it used the term "Nature Fusion" even though the products "contain non-natural

6

1  and synthetic ingredients, harsh and potentially harmful ingredients and are substantially
2  unnatural." 69 F.4th at 1096. Notwithstanding the allegations of survey results showing 69.2% of
3  survey respondents thought "Nature Fusion" "meant that the product contained *both* natural and
4  synthetic ingredients", the Ninth Circuit held the front label was ambiguous. *Id*. So, too, here as
5  one-third of Plaintiff's survey participants did not agree with Plaintiff's interpretation of the label.
6  Plaintiff's insistence that because two-thirds of survey respondents were (according to Plaintiff)
7  deceived by the front label the front-label is unambiguously deceptive makes no sense. A two-
8  third/one-third split highlights the ambiguity.

\* \* \*

Plaintiff's newly-alleged facts fail to disrupt the Court's prior conclusion the Products' front label is ambiguous as to whether the "24H" representation applies to the Products' claimed sun protection benefits or only the cosmetic benefits. (Dkt. No. 69 at 4.)

### B. The Back Label Resolves the Front Label's Ambiguity

When a front label is ambiguous, courts "must consider what additional information other than the front label was available to consumers." *McGinity*, 69 F.4th at 1098. A front label's ambiguity can be resolved by reference to the back label. *Id*. at 1099; *see also id*. at 1098 ("the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label"). Because the Products' front label is ambiguous as to whether the 24H refers to the sunscreen protection, the question is whether a reasonable consumer could interpret the "24H" representation as applying to the Products' sun protection benefits after referencing the Products' back label. A review of the back label shows that a reasonable consumer could not. The Products' back label looks like this:

7

**Drug Facts**

**Active ingredients** — **Purpose**
Octisalate 3.50 %
Titanium Dioxide 3.76 % } .......... Sunscreen

**Uses**
- Helps prevent sunburn.
- If used as directed with other sun protection measures (see *Directions*), decreases the risk of skin cancer and early skin aging caused by the sun.

**Warnings**
For external use only.
Do not use on damaged or broken skin.
When using this product, keep out of eyes. Rinse with water to remove.
Stop use and ask a doctor if rash occurs.
Keep out of reach of children. If swallowed, get medical help or contact a Poison Control Center right away.

**Directions**
- Apply liberally 15 minutes before sun exposure.
- Reapply at least every 2 hours.
- Use a water-resistant sunscreen if swimming or sweating.
- **Sun Protection Measures.** Spending time in the sun increases your risk of skin cancer and early skin aging. To decrease this risk, regularly use a sunscreen with a broad spectrum SPF of 15 or higher and other sun protection measures including:
  - limit time in the sun, especially from 10 a.m. – 2 p.m.
  - wear long-sleeve shirts, pants, hats, and sunglasses.
- Children under 6 months of age: ask a doctor.

**Other information**
- Protect the product in this container from excessive heat and direct sun.

(Dkt. No. 73 ¶ 25.)

1       The back label is titled "Drug Facts" and then identifies the "Purpose" of the drug as sunscreen; thus telling the consumer it is discussing the Product's sunscreen attributes. Then under Drug "Uses" it says, "Helps prevent sunburn" and "If used as directed with other sun protection measures (see Directions) decreases the risk of skin cancer and early skin aging caused by the sun." And, under the "Directions" for the sun protection measures, the label explicitly instructs consumers to "[r]eapply at least every 2 hours." So, upon reading the back label, it would be clear to a reasonable consumer the Products' "24H foundation" representation on the front label does not apply to the Products' sun protection.

      The Second Amended Complaint's allegations as to Survey 2 and Survey 3 do not save Plaintiff's claims. Plaintiff insists Survey 2 supports an inference two-thirds of consumers will not look at the back label, even if the front is ambiguous, and therefore the back label cannot be used to resolve any front label ambiguity. As support she contends Survey 2 respondents were "given the option to click a link to view the back label" and two-thirds of respondents did not click the link. (Dkt. No. 73 ¶¶ 30, 34.) This allegation is insufficient for two reasons. First, Plaintiff does not allege exactly what consumers were asked. How was the "option" worded? Were they asked to look at the back if they were unsure about whether the 24H representation applied to sunscreen? *See McGinity,* 69 F.4th at 1099-1100 (advising litigants to "draft their questions for consumers surveys with utmost care").

Second, and most importantly, Plaintiff's argument asks the Court to ignore *McGinity*'s central mandate: if a front label is ambiguous, the court "*must* consider what additional information other than the front label was available to consumers." 69 F.4th at 1098 (emphasis added). *McGinity* holds "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Id*. Since the front label is ambiguous, the Court must consider the back label regardless of whether survey participants chose to click to see the back label when given the opportunity. *See Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at *2 (9th Cir. Aug. 3, 2023) (reasserting that on a motion to dismiss, when the "front label is ambiguous" courts look to the back label and the "context available" in assessing whether the front label is misleading); *see also Souter v. Edgewell Pers.*

9

*Care Co.*, No. 22-55898, 2023 WL 5011747, at *1 (9th Cir. Aug. 7, 2023) (maintaining courts may look at back labels to clarify front label ambiguities).

Plaintiff next urges that Survey 3—which "forced consumers to view the front and back label side-by-side and asked how long they expected the sunscreen benefits in the products to last"—shows half the respondents believed the sunscreen products would last for more than two hours. (Dkt. No. 73 ¶ 32.) But this allegation does not support an inference the back label does not resolve any ambiguity because the survey did not ask consumers about the representation Plaintiff claims causes the deception—the 24H representation. By failing to ask respondents their impression of the key term "24H" or its relationship with the back label's instruction to "reapply at least every 2 hours," Survey 3 leaves open the equally plausible inference consumers were misled by other packaging details. Specifically, in failing to test consumer interpretation of "24H", and instead basing its survey on the front label as a whole, the survey does not clarify whether participant confusion stems from the pertinent phrase "24H" or other packaging areas like the SPF 15 labelling. The U.S. Food and Drug Administration ("FDA") acknowledges "a popular misconception" that SPF relates to "time of solar exposure" rather than "amount of solar exposure," such that "many consumers believe [. . .] SPF 15 sunscreen allows them to stay in the sun 15 hours (i.e., 15 times longer) without getting sunburn." *Sun Protection Factor (SPF)*, U.S. FOOD & DRUG ADMINISTRATION, https://www.fda.gov/about-fda/center-drug-evaluation-and-research-cder/sun-protection-factor-spf (last visited March 27, 2024). Defendant cannot be held liable for misimpressions arising from the SPF 15 representation as the FDA mandates Defendant include SPF information on the front label. 21 C.F.R § 201.327(a)(1). So, Survey 3 does not plausibly support an inference that consumers are deceived by the "24H foundation" representation and to the extent there is confusion, that the back label does not clarify what it means. *See Twombly*, 550 U.S. at 557 (holding when two inferences are equally plausible, and one inference does not support liability, the plaintiff does not state a claim); *see also McGinity,* 69 F.4th at 1099-1100 (advising litigants to "draft their questions for consumers surveys with utmost care").

In *Becerra*, for example, the plaintiff alleged "diet" in Diet Dr. Pepper promises weight

1  loss or management. 945 F.3d at 1227. The Ninth Circuit disagreed. *Id*. It held that in context,
2  the use of "diet" in a soft drink's brand name is understood as a relative claim about the calorie
3  content of that soft drink compared to the same brand's "regular" (full-caloric) option. *Id*. at 1229.
4  The plaintiff argued dismissal was still improper because she alleged survey results supporting her
5  deception allegation. *Id*. at 1227. The Ninth Circuit was unpersuaded.

> Although we must accept the allegations surrounding the survey as true at this stage of the litigation, a reasonable consumer would still understand "diet" in this context to be a relative claim about the calorie or sugar content of the product. The survey does not address this understanding or the equally reasonable understanding that consuming low-calorie products will impact one's weight only to the extent that weight loss relies on consuming fewer calories overall. At bottom, the survey does not shift the prevailing reasonable understanding of what reasonable consumers understand the word "diet" to mean or make plausible the allegation that reasonable consumers are misled by the term "diet."

*Id*. at 1231. Plaintiff's survey here similarly does not address whether consumers interpret "24H foundation" to mean the cosmetic lasts 24 hours or, if there is ambiguity as to what it refers, the back label which exclusively discusses the Products' "Uses" clarifies the sunscreen must be reapplied every two hours. So, Survey 3 does not save Plaintiff's claims.

Plaintiff's reliance on *Caldwell v. Nordic Nats., Inc.*, No. 23-CV-02818-EMC, 2024 WL 24325, at *4 (N.D. Cal. Jan. 2, 2024) is misplaced. First, *Caldwell* held that when "the label of a product is ambiguous, meaning a reasonable consumer would realize the label could have more than one meaning, the court should consider other information available to the consumer aside from the label to determine if a reasonable consumer would be misled." *Id.* at *4. Second, the *Caldwell* court held the front label was affirmatively misleading, and not ambiguous. *Id.* And, third, any ambiguities were not clarified by the back label, but could only be clarified by reviewing an entirely different product. *Id.* at *6.

\* \* \*

Neither Survey 2 nor Survey 3 make plausible the allegation the Products' back label does not resolve the front labels' ambiguity. As previously decided, the back label resolves the front labels' "ambiguity by directing consumers using the product as sunscreen to reapply the product at least every two hours." (Dkt. No. 69 at 8.)

11

### C. Consumer Reviews Do Not Salvage Plaintiff's Complaint

The "reasonable consumer standard requires a probability that a *significant portion* of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (emphasis added). "[T]he fact that a small proportion of consumers were confused does not prove that such confusion was reasonable." *Thomas v. Costco Wholesale Corp.*, No. 21-55335, 2022 WL 636637, at *2 (9th Cir. Mar. 4, 2022). Here, Plaintiff's three reviews represent a very small portion of targeted consumers. As Defendant notes, Plaintiff "had the entire Internet at her disposal" and still "Plaintiff has located only two other people who allegedly share some sort of confusion consistent with her own." (Dkt. No. 76 at 29.)

Further, none of the reviews necessarily suggest confusion about the Products' sun protection duration. In one of the reviews, titled "Honestly", the reviewer writes, "if you look on the back of the box, it says apply every 2 hrs and on the front it says 24h foundation… I'm confused lol." (Dkt. No. 73 ¶ 36.) The review makes no mention of sunscreen protection and so instead may be expressing confusion about the foundation; indeed, applying foundation every two hours makes no sense. Plaintiff suggests the other two reviews indicate "consumers believe the Product will provide sunscreen benefits more than two hours." (Dkt. No. 73 ¶ 35.) But it is similarly unclear whether the comments "lasts all day" and "all day wear" refer to the foundation or the sun protection. (Dkt. No. 73 ¶ 35.) The review titled "Light and all day" mentions the "spf 15" as a bonus, separately from the reference to the foundation lasting "all day." The review titled "I'm in love!!" states the "SPF 15 [. . .] adds an extra layer of all day wear," but this comment does not mean the reviewer thought the sun protection lasts all day. For all these reasons, the three reviews are not sufficient to save Plaintiff's claims.

### D. Standing on Claims for Unpurchased Items

Defendant contests Plaintiff's standing to pursue claims for Dior Forever Skin Glow products she did not purchase. (Dkt. Nos. 76 at 30-31.) The Court previously found the Plaintiff had standing "to assert class claims based on both products" as the "products are substantially similar" and no "material distinction [exists] between the labeling of the two products." (Dkt. No. 69 at 9.) The Court's evaluation of the Second Amended Complaint applies equally to both

accused products because no material distinction exists between the labeling of the two products. So, Plaintiff has standing to pursue claims for both accused products.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. Plaintiff fails to plausibly plead Dior's Products' labels are false or misleading to reasonable consumers because, after referencing the Products' back labels, no reasonable consumer could interpret the front labels' "24H" representation as applying to the Products' sunscreen. Plaintiff's additional survey and consumer review allegations fail to compel a different result. As no further amendment could save the claims, the dismissal is without leave to amend.

Finally, Plaintiff contends this Court cannot "determine as a matter of law that [the] front label is either not deceptive, or, at a minimum, that it is ambiguous and the back label cures all" because consumer confusion is "still a question of fact." (Dkt. No. 79 at 7.) Plaintiff is incorrect. Plausibility remains a legal question for the Court. Plaintiff's contention would effectively mean courts could never grant motions to dismiss in such cases. *See Steinberg v. Icelandic Provisions, Inc.*, No. 22-15287, 2023 WL 3918257, at *1 (9th Cir. June 9, 2023) (affirming dismissal of plaintiff's claims where the product's back label resolved the front label's ambiguity); *see also Kim v. Bluetriton Brands, Inc.*, No. 22-56063, 2024 WL 243343, at *1 (9th Cir. Jan. 23, 2024) (affirming dismissal of plaintiff's claims where the product's back label clarified the allegedly misleading front label).

This Order disposes of Dkt. No. 76.

**IT IS SO ORDERED.**

Dated: April 1, 2024

JACQUELINE SCOTT CORLEY
United States District Judge