UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS SLATEN, | Case No. 23-cv-00409-JSC |
| Plaintiff, | |
| v. | **ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FEDERAL RULES OF CIVIL PROCEDURE 60(b)(6) & 62.1(a)** |
| CHRISTIAN DIOR PERFUMES, LLC., | |
| Defendant. | Re: Dkt. No. 90 |

Plaintiff alleges Defendant Christian Dior Perfumes deceptively labels and advertises the sun protection factor (SPF or sunscreen) benefits of certain cosmetic products in violation of California law. (Dkt No. 73.)[1] The Court initially concluded that Plaintiff plausibly alleged a reasonable consumer would be deceived by the products' front label, but that Plaintiff had not established her standing to assert class claims based on products she did not buy. (Dkt. No. 43.) The Court therefore granted Plaintiff leave to amend her claims as to the products she did not buy. In the meantime, the Ninth Circuit decided *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023). On Defendant's subsequent motions to dismiss, the Court interpreted *McGinity* to hold that if a front label is ambiguous in that it is susceptible to more than one meaning, one of which would not be deceptive, the court must look to the back label to determine if a reasonable consumer would be deceived. The Court concluded the products' front label was ambiguous, and upon review of the back label, eventually dismissed Plaintiff's Second Amended Complaint without leave to amend. (Dkt. Nos. 69, 83.)

Plaintiff now moves the Court to reconsider its decision in light of the Ninth Circuit's

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    clarification of *McGinity* in *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771 (9th Cir. 2024). In

2    particular, and because this lawsuit is on appeal, Plaintiff asks the Court to issue an indicative

3    ruling pursuant to Federal Rules of Civil Procedure 62.1(a) indicating it would grant Plaintiff's

4    Rule 60(b)(6) motion for reconsideration.  After carefully considering the parties' written

5    submissions, and having had the benefit of oral argument on October 17, 2024, the Court

6    GRANTS Plaintiff's motion for an indicative ruling.  The Court would reconsider its dismissal of

7    Plaintiff's complaint if the Ninth Circuit remands the case.

8                                                    **BACKGROUND**

9         Plaintiff alleges Dior's Forever Foundation and Dior's Forever Skin Glow Foundation

10   create the false impression that the products contain SPF 15 sun protection that will last for 24

11   hours.  On Defendant's motion to dismiss the complaint, the Court concluded that Plaintiff

12   plausibly alleged reasonable consumers are likely to be deceived by the products' front label.

13   (Dkt. No. 43 at 6-7.)   But as Plaintiff had not established her standing to assert class claims based

14   on products she did not buy, the Court granted leave to amend the claims based on those products.

15   (*Id.* at 9, 10.)   On June 5, 2023, Plaintiff filed her First Amended Complaint.  Four days later, in

16   an opinion authored by Judge Gould, the Ninth Circuit decided *McGinity v. Procter & Gamble*

17   *Co.*, 69 F.4th 1093 (9th Cir. 2023).  On Defendant's subsequent motions to dismiss, the Court

18   interpreted *McGinity* to hold that if a front label is ambiguous in that it "could mean any number

19   of things," some of which would not be deceptive, a court must look to the product's back label to

20   determine whether a reasonable consumer would be deceived.  (Dkt. No. 69 at 4; Dkt. No. at 83 at

21   5-6.)  Based on that interpretation, and upon review of the back label, the Court eventually

22   dismissed Plaintiff's claims and entered judgment in Dior's favor.  (Dkt. Nos. 83, 84.)

23        Plaintiff filed her notice of appeal with the Ninth Circuit on April 30, 2024.  (Dkt. No. 86.)

24   The opening brief is due November 27, 2024.

25        After Plaintiff filed her notice of appeal, in a decision again authored by Judge Gould, the

26   Ninth Circuit decided *Whiteside v. Kimberly Clark Corp.*, which clarified its holding in *McGinity*.

27   *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771 (9th Cir. 2024).  *Whiteside* held that "[a] front

28   label is not ambiguous in a California false-advertising case merely because it is susceptible to

1  more than one reasonable interpretation." *Id.* at 782.  The court held that on a 12(b)(6) motion, a

2  label "may have two possible meanings, so long as the plaintiff has plausibly alleged that a

3  reasonable consumer would view the label as having one unambiguous (and deceptive) meaning."

4  *Id.* at 780.  In other words,

> a front label is not ambiguous simply because it is susceptible to two
> possible meanings; a front label is ambiguous when reasonable
> consumers would necessarily require more information before
> reasonably concluding that the label is making a particular
> representation.  Only in these circumstances can the back label be
> considered at the dismissal stage.

*Id.* at 781.  In so holding, *Whiteside* specifically rejected the interpretation of *McGinity* adopted by

this Court, that is, "that a front label is ambiguous if it can have more than one possible meaning."

*Id.*  Because *Whiteside's* clarification of *McGinity* directly contradicts the Court's application of

*McGinity* in dismissing Plaintiff's claims, Plaintiff now moves for reconsideration under Federal

Rules of Civil Procedure 60(b)(6), and for an indicative ruling under Rule 62.1 that the Court

would grant the 60(b)(6) motion.  (Dkt. No. 90.)

## LEGAL STANDARD

### I.      Rule 60(b)(6)

Under Federal Rules of Civil Procedure 60(b)(6), a district court may grant a party relief

from final judgment where a "reason [] justifie[s] relief."  This clause gives "the district court

power to vacate judgments 'whenever such action is appropriate to accomplish justice.'"  *Henson*

*v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting *United States v. Sparks*, 685

F.2d 1128, 1130 (9th Cir. 1982)).  But such relief is only available under "extraordinary

circumstances."  *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013).  "[A] change in the controlling

law can—but does not always—provide a sufficient basis for granting relief under Rule 60(b)(6)."

*Henson*, 943 F.3d at 444.

"[T]he proper course when analyzing a Rule 60(b)(6) motion predicated on an intervening

change in the law is to evaluate the circumstances surrounding the specific motion before the

court."  *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009).  Courts should balance "six

factors" when determining whether to grant a Rule 60(b)(6) motion predicated on an intervening

change in the law:

> (1) the change in the law;
> (2) 'the petitioner's exercise of diligence in pursuing his claim for relief[;]'
> (3) whether reopening the case would upset 'the parties' reliance interest in the finality of the case[;]'
> (4) the extent of 'the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief[;]'
> (5) the relative 'closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in the law[;]' and
> (6) concerns of comity.

*Eubank v. Terminix Int'l, Inc.*, No. 15-CV-00145-WQH (JMA), 2016 WL 6277422, at *3 (S.D. Cal. Oct. 27, 2016) (citing *Jones v. Ryan*, 733 F.3d 825, 839-40 (9th Cir. 2013); *Phelps*, 569 F.3d at 1135-39)). These factors "are designed to guide courts in determining whether such extraordinary circumstances have been demonstrated by an individual seeking relief under [Rule 60(b)(6)]." *Phelps*, 569 F.3d at 1135. They do not "impose a rigid or exhaustive checklist [because] 'Rule 60(b)(6) is a grand reservoir of equitable power,' and it affords courts the discretion and power 'to vacate judgments whenever such action is appropriate to accomplish justice.'" *Id.* (cleaned up).

## II.    Rule 62.1(a)

A district court does not have jurisdiction to grant a Rule 60(b)(6) motion once an appeal has been docketed.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Fed. R. Civ. Proc. 62.1 Advisory Committee Notes (2009) ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) [motion] without a remand").  But Rule 62.1 provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

United States District Court
Northern District of California

4

> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

So, Rule 62.1 allows a district court to consider the merits of the 60(b)(6) motion and do one of three things: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. Rule Civ. Proc. 62.1(a). Rule 62.1 thus "allows a party to ask the district court for an 'indicative ruling' on an issue the court is without jurisdiction to decide because of a pending appeal." *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017).

Rule 62.1 works in tandem with Federal Rules of Appellate Procedure 12.1(b), which provides that "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."

Plaintiff asks this Court to issue an indicative ruling that it would grant the 60(b)(6) motion, or at least conclude that it raises substantial issues.

## DISCUSSION

### I.    Whether the Court Should Issue an Indicative Ruling

The Court in its discretion concludes a Rule 62.1 ruling is appropriate. Plaintiff's appeal was filed a few months ago, and his deadline to file an opening brief was extended once more to November 27, 2024. So, an indicative ruling that the Court would reconsider its prior decision could, if the Ninth Circuit decides to remand, avoid wasting Ninth Circuit judicial resources and party resources, as well as reduce any delay in the resolution of this case.

Dior's insistence the Court should not issue an indicative ruling because the legal question Plaintiff asks the Court to reconsider is the same legal question before the Ninth Circuit is unpersuasive. If Rule 62.1 did not apply in such circumstances (an interpretation the Rule's plain language does not support), then it would never apply in the case of intervening legal authority. The cases upon which Dior relies are distinguishable. In *Rabang v. Kelly*, No. 17-cv-0088-JCC, 2018 WL 1737944 (W.D. Wash. Apr. 11, 2018), the appeal was fully briefed, and the Ninth

5

1    Circuit had already held oral argument at the time the party asked the district court for the

2    indicative ruling.  *Id.* at *1.  So, an indicative ruling would not preserve judicial resources.  And

3    the issues in the long-running case of *Silbersher v. Allergan Inc.*, No. 18-cv-03018-JCS, 2024 WL

4    2044626, at *5 (N.D. Cal. May 7, 2024), were complicated, and the Ninth Circuit had previously

5    weighed in on the case based on a certified interlocutory appeal.  The circumstances here are

6    vastly different.

7        Because this Court finds an indicative ruling under Rule 62.1 is appropriate, it now turns to

8    the merits of Plaintiff's motion for reconsideration.

9    **II.     The Rule 60(b)(6) Motion**

10        Though the *Phelps* factors do not impose a "a rigid or exhaustive checklist," they are a

11   helpful guide.  *Phelps*, 569 F.3d at 1135.  Here the factors weigh in favor of granting

12   reconsideration.

13        In considering the *Phelps* factors, a court:

14            should not in rote fashion rely on the conclusion from a different
             context that any particular type of change in the law favors or
15            disfavors relief.  Instead, a district court should weigh whether the
             specific nature of the change in the law in the case before it makes
16            granting relief more or less justified under all of the circumstances,
             and should support its conclusion with a reasoned explanation
17            grounded in the equitable considerations raised by the case at bench.

18   *Henson*, 943 F.3d at 446-47.  In *Gonzalez*, the Supreme Court held a change in the law did not

19   warrant reconsideration when the district court's decision "was by all appearances correct" under

20   then-prevailing legal precedent. 545 U.S. 524, 536–37 (2005); *see also Phelps*, 569 F.3d at

21   1135 ("the intervening change in the law in *Gonzalez* overruled an otherwise settled legal

22   precedent"). Conversely, the Ninth Circuit has held that when the change in law "did not upset or

23   overturn a settled legal principle," this factor "cuts in favor of granting relief" under Rule

24   60(b)(6) "given the unsettled nature of the law prior to [the change]."  *Phelps*, 569 F.3d at 1136.

25        *Whiteside* did not "upset or overturn a settled legal principle."  *Id.* at 1136.  To the

26   contrary, the language of *McGinity* led this Court and others to interpret it in such a way that

27   *McGinity* upset settled legal principle.  The court in *Whiteside* then clarified that *McGinity* should

28   not be interpreted as doing so, and, instead, the law prevailing at the time the Court denied

United States District Court
Northern District of California

6

1    Defendants' first motion to dismiss should apply.  As *Whiteside* explained: "[w]e stated [the rule]

2    better when quoting *Trader Joe's*, which held that a front label is ambiguous if 'reasonable

3    consumers would necessarily require more information before they could reasonably conclude'

4    that the front label was making a specific representation."  *Whiteside*, 108 F.4th at 780 (quoting

5    *McGinity*, 69 F.4th at 1097 (quoting *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)).

6    So, this factor weighs in favor of granting relief.  *Id.  McGinity* made the law unsettled, and

7    *Whiteside* clarified that confusion.

8        This analysis also demonstrates that the fifth factor weighs in favor of reconsideration (the

9    relative closeness of the relationship between the decision resulting in the original judgment and

10   the subsequent decision that represents a change in the law).  *McGinity* was the lynchpin of the

11   Court's dismissal of Plaintiff's claims.  *Whiteside* directly contradicted the Court's interpretation

12   of *McGinity* and established that the Court's reasoning on Dior's second and third motions to

13   dismiss was incorrect.  The change in law, and its connection to the Court's ruling, could not be

14   closer.  So, this factor, too, weighs in favor of reconsideration.  And Dior does not dispute that the

15   other factors weigh in favor of reconsideration.  Plaintiff was diligent in pursuing reconsideration

16   as only a few months passed between the Ninth Circuit's decision in *Whiteside* and Plaintiff's

17   motion.  Further, the interpretation of *McGinity* explained by *Whiteside* is exactly the

18   interpretation Plaintiff urged before this Court. There is no issue with a party's reliance on the

19   finality of the case and no comity concerns.  *See Henson,* 943 F.3d at 453 (explaining there are no

20   comity concerns "because this case does not involve a federal habeas petition that challenges a

21   state conviction.").  So, all factors weigh in favor of reconsidering the dismissal.

22       Dior's insistence that even under *Whiteside* the front label is ambiguous and so *Whiteside*

23   does not change the result in this case is unpersuasive.  Before *McGinity*, the Court concluded

24   reasonable consumers could interpret the products' front labels as misrepresenting the sunscreen

25   protection lasts 24 hours.  (Dkt. No. 43 at 6-8.)  After *McGinity* the Court held that because the

26   front label "'could mean any number of things,' some of which would not be deceptive," it was

27   ambiguous and the back label must be considered. (Dkt. No. 69 at 4; *see also* Dkt. No. 83 at 7.)

28   But, in light of *Whiteside*, a front label is not ambiguous because it is susceptible to more than one

1    interpretation. 108 F.4th at 782. Even if a front label can be interpreted in different ways, if the

2    plaintiff plausibly alleges the label "conveys a concrete and unambiguous [deceptive] meaning to

3    a reasonable consumer" the front label is not ambiguous and the back label is not considered. *Id.*

4    The Court previously held that, drawing all reasonable inferences in Plaintiff's favor, Plaintiff

5    plausibly alleged the front label is deceptive to a reasonable consumer. Unlike the "meaningless

6    marketing term 'Nature Fusion'" in *McGinity*, *id.*, Plaintiff plausibly alleged the front labels here

7    convey a deceptive meaning to a reasonable consumer. *See id.* at 780 (explaining the front label in

8    *McGinity* "was so devoid of any concrete meaning that there was nothing 'from which *any*

9    inference could be drawn or on which *any* reasonable belief could be based' about" the shampoo's

10   ingredients." *Whiteside*, 108 F.4th at 780 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th

11   Cir. 2016)).

12       So, if the Ninth Circuit remands this action, the Court would reconsider its decision that

13   Plaintiff could not state a claim because the front label is ambiguous and therefore the back label

14   should be considered.

15                                   **CONCLUSION**

16       The Court's dismissal of Plaintiff's complaint was based on an interpretation of *McGinity*

17   which *Whiteside* subsequently—and unambiguously—clarified was wrong. So, pursuant to

18   Federal Rules of Civil Procedure 62.1, the Court indicates that if the Ninth Circuit remands this

19   case, the Court would grant Plaintiff's Rule 60(b)(6) motion for reconsideration.

20       This Order disposes of Docket No. 90.

21       **IT IS SO ORDERED.**

22   Dated: October 30, 2024

23

24

25   JACQUELINE SCOTT CORLEY
     United States District Judge

26

27

28

United States District Court
Northern District of California

8