1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   ALEXIS SLATEN,                          Case No. 23-cv-00409-JSC

8                    Plaintiff,

9           v.                              **ORDER RE: NINTH CIRCUIT
                                            COURT'S LIMITED REMAND TO
10  CHRISTIAN DIOR PERFUMES, LLC.,          RULE ON PLAINTIFF'S MOTION FOR
                                            RECONSIDERATION**

11                   Defendant.             Re: Dkt. No. 99

12

13          Plaintiff alleges Defendant Christian Dior Perfumes, LLC, deceptively labels and

14  advertises the sun protection factor (SPF) duration of certain of its cosmetic products in violation

15  of California law. (Dkt. No. 73.)[1]  The case is before the Court on the Ninth Circuit's remand "for

16  the limited purpose of enabling the district court to rule on [Plaintiff's] motion for

17  reconsideration." (Dkt. No. 99.)  Having considered the parties' supplemental briefing on

18  Plaintiff's motion for reconsideration, the Court GRANTS Plaintiff's motion for reconsideration.

19      **A. Background**

20          Plaintiff alleges Defendant's  Forever Foundation and Forever Skin Glow Foundation (the

21  "products") create the false impression the products contain SPF 15 sun protection that will last 24

22  hours. (Dkt. No. 73.)  In March 2023, the Court denied Defendant's motion to dismiss,

23  concluding Plaintiff plausibly alleged reasonable consumers are likely to be deceived by the

24  products' front label. (Dkt. No. 43 at 6-7.)   But as Plaintiff had not established her standing to

25  assert class claims based on products she did not buy, the Court granted leave to amend the claims

26  based on those products. (*Id.* at 9, 10.)   Plaintiff filed her First Amended Complaint on June 5,

27  _____

28  [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
    ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

2023.  (Dkt. No. 48.)  Four days later, in an opinion authored by Judge Gould, the Ninth Circuit decided *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023).  On Defendant's subsequent motions to dismiss, the Court interpreted *McGinity* to hold that if a front label is ambiguous in that it "could mean any number of things," some of which would not be deceptive, a court must look to the product's back label to determine whether a reasonable consumer would be deceived.  (Dkt. No. 69 at 4; Dkt. No. at 83 at 5-6.)  Based on that interpretation, and upon review of the back label, the Court eventually dismissed Plaintiff's claims and entered judgment in Dior's favor.  (Dkt. Nos. 83, 84.)

Plaintiff appealed to the Ninth Circuit on April 30, 2024.  (Dkt. No. 86.)  After Plaintiff filed her notice of appeal, but before the parties began briefing, in a decision again authored by Judge Gould, the Ninth Circuit decided *Whiteside v. Kimberly Clark Corp.*, which clarified *McGinity*.  *Whiteside v. Kinberly Clark Corp.*, 108 F.4th 771 (9th Cir. 2024).  *Whiteside* held that "[a] front label is not ambiguous in a California false-advertising case merely because it is susceptible to more than one reasonable interpretation."  *Id.* at 782.  The court held that on a 12(b)(6) motion, a label "may have two possible meanings, so long as the plaintiff has plausibly alleged that a reasonable consumer would view the label as having one unambiguous (and deceptive) meaning."  *Id.* at 780.  In other words,

> a front label is not ambiguous simply because it is susceptible to two possible meanings; a front label is ambiguous when reasonable consumers would necessarily require more information before reasonably concluding that the label is making a particular representation.  Only in these circumstances can the back label be considered at the dismissal stage.

*Id.* at 781.  In so holding, *Whiteside* specifically rejected the interpretation of *McGinity* this Court adopted: "that a front label is ambiguous if it can have more than one possible meaning."  *Id.*

In light of *Whiteside*, Plaintiff  moved for reconsideration under Federal Rules of Civil Procedure 60(b)(6), and for an indicative ruling under Rule 62.1 that the Court would grant the 60(b)(6) motion.  (Dkt. No. 90.)  The Court applied the factors in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), and held "the factors weigh in favor of granting reconsideration."  (Dkt. No. 98 at 6.)  The Court held:

> *Whiteside* did not "upset or overturn a settled legal principle." To the contrary, the language of *McGinity* led this Court and others to interpret it in such a way that *McGinity* upset settled legal principle. The court in *Whiteside* then clarified that *McGinity* should not be interpreted as doing so, and, instead, the law prevailing at the time the Court denied Defendants' first motion to dismiss should apply. As *Whiteside* explained: "[w]e stated [the rule] better when quoting *Trader Joe's*, which held that a front label is ambiguous if 'reasonable consumers would necessarily require more information before they could reasonably conclude' that the front label was making a specific representation." *Whiteside*, 108 F.4th at 780 (quoting *McGinity*, 69 F.4th at 1097 (quoting *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)). So, this factor weighs in favor of granting relief. *Id.* *McGinity* made the law unsettled, and *Whiteside* clarified that confusion.

(*Id.* at 6-7.) So, the Court concluded, "if the Ninth Circuit remands this action, the Court would reconsider its decision that Plaintiff could not state a claim because the front label is ambiguous and therefore the back label should be considered." (*Id.* at 8.)

After the Court's ruling, Plaintiff moved the Ninth Circuit to remand the case to this Court to rule on its motion for reconsideration. *Slaten v. Dior*, 24-2825 (9th Cir.) (Dkt. No. 25.) The parties fully briefed the motion for remand. On the same day Defendant filed its reply brief, the Ninth Circuit decided *Bryan v. Del Monte Foods, Inc.*, 2024 WL 4866952 (9th Cir. Nov. 22, 2024). Defendant filed a notice of supplemental authority with the Ninth Circuit on November 26, 2024, notifying it of *Bryan*. *Slaten v. Dior*, 24-2825 (9th Cir.) (Dkt. No. 28.)

On April 2, 2025, pursuant to Federal Rule of Appellate Procedure 12.1(b), the Ninth Circuit remanded the case to this Court "for the limited purpose of enabling the district court to rule on [Plaintiff's] motion for reconsideration." (Dkt. No. 99.) At Defendant's request, the Court permitted limited supplemental briefing before taking the matter under submission. (Dkt. No. 102.)

The parties have supplemented their briefing. Defendant argues *Bryan v. Del Monte* contradicts the Court's determination that its prior "dismissal of Plaintiff's complaint was based on an interpretation of *McGinity* which *Whiteside* subsequently—and unambiguously—clarified was wrong." (Dkt. No. 98 at 8.) After considering the parties' supplemental briefing, as well as all the prior briefing, the Court GRANTS Plaintiff's motion for reconsideration.

//

3

**B.  Analysis**

The Court does not repeat its prior analysis.  (*See* Dkt. No. 98.)  Upon consideration of the *Phelps* factors and particularly upon Plaintiff's showing that the Court's "dismissal of Plaintiff's complaint was based on an interpretation of *McGinity* which *Whiteside* subsequently—and unambiguously—clarified was wrong," the Court would grant Plaintiff's motion.  (*Id.* at 8.)  So, the Court only now considers whether the Ninth Circuit's unpublished, memorandum opinion in *Bryan* changes its prior analysis.  (Dkt. Nos. 103, 104.)  It does not.

In *Bryan* the Ninth Circuit considered whether a front label describing a fruit cup using the phrase "fruit natural" falsely led consumers to believe *all* ingredients in the cups were natural.  *Id.* at *1.  The court concluded that the plaintiff had not plausibly alleged that the front label was unambiguously deceptive to an ordinary consumer because "'reasonable consumers would necessarily require more information before they could reasonably conclude' that the front label makes a specific factual representation."  *Id.*  (quoting *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)).  The court explained the word "naturals" was "a noun, not a descriptive adjective," and so the label suggested "the phrase is just the name of the product."  *Id.*  Further, the front label context indicated "although the fruit itself is natural, the syrup may not be," and that customer surveys were insufficient because they "asked people what they thought 'natural' should mean on the label of a product, not what they thought it actually did mean as used on these labels."  *Id.*  So, the court concluded, because the plaintiff "has not plausibly alleged that the front label is 'unambiguously deceptive to an ordinary consumer,' *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024), a reasonable consumer would look at the back label."  *Id.*

Here, unlike in *Bryan*, the Court concluded reasonable consumers would not necessarily require additional information before they could reasonably conclude the front label makes a specific representation: from the front label itself, reasonable consumers could conclude Defendant represented the product's sunscreen protection lasts 24 hours. (Dkt. No. 43 at 6-7; Dkt. No. 98 at 7-8.)  Nothing in *Bryan* requires the Court alter its indicative and now final ruling on Plaintiff's motion for reconsideration.

//

**C. Conclusion**

So, for the reasons set forth in the Court's order on Defendant's initial motion to dismiss (Dkt. No. 43.), its indicative ruling under Federal Rule of Civil Procedure 62.1 (Dkt. No. 98), and in this Order, the Court now GRANTS Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: July 3, 2025

JACQUELINE SCOTT CORLEY
United States District Judge